3/5/2019

---



# Medical and Mental Health Care in the Jail

---

### Medical Care Required

- Federal Law
  - Fourteenth Amendment
  - Eighth Amendment
  - Equal Protection
  - Failure to Intervene
  - ADA
  - Policy, Practice and Procedure

- State Law




---

### Medical Care

- **At Arrest**
  - *Collins v. City of Harker Heights*, 503 U.S. 115 (1992); *Easley v. City of Lake Geneva*, 382 F.3d 693 (7th Cir. 2004).

- **At Booking**
  - Medical clearance may be desirable and is constitutional. *Sullivan v. Bornemann*, 384 F.3d 372 (7th Cir. 2004).




---

### Federal Standard

- Officers violate the Eighth Amendment's proscription against cruel and unusual punishment when they display "***deliberate indifference*** to serious medical needs of prisoners." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).

- ***Objective and Subjective Components***: Knowledge of serious medical need *and* conscious disregard of that need

---


EXHIBIT 60


EXHIBIT 18
5-8-19  CSB

1

Brown County Documents
Freiwald v. Brown County
000194
Case 1:18-cv-00896-WCG   Filed 03/04/20   Page 1 of 8   Document 109-20

### Objective Component

- Medical condition must be "***objectively, sufficiently serious***".

  – *Greeno v. Daley*, 414 F.3d 645, 652-53 (7th Cir. 2005)

### Serious Medical Conditions

- Not all medical conditions are sufficiently serious

- Refusal to "dispense bromides for the sniffles or minor aches and pains or a tiny scratch or a mild headache or minor fatigue ... does not violate the Constitution."

  – *Cooper v. Casey*, 97 F.3d 914, 916 (7th Cir.1996); *Gibson v. McEvers*, 631 F.2d 95 (7th Cir.1980) (common cold not a serious medical condition).

### Medical need is "sufficiently serious" if:

- diagnosed by a physician mandating treatment;

- a layperson would easily recognize need for medical care

- if left untreated could result in further injury or unnecessary and wanton infliction of pain;

### Medical need is "sufficiently serious" if:

- Reasonable physician or layperson would find worthy of comment or treatment;

- Significantly affects inmates daily activities; or

- Features chronic and substantial pain.

  – *Gutierrez v. Peters*, 111 F.3d 1364 (7th Cir. 1997); *Ralston v. McGovern*, 167 F.3d 1160 (7th Cir. 1999).

### Subjective Component

- To satisfy the subjective component, inmate must show that officials acted with a "sufficiently culpable state of mind" – **officials must know of and disregard serious risks to the inmate's medical/mental health needs**.

  – *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Greeno v. Daley*, 414 F.3d 645, 652-53 (7th Cir. 2005).

### Deliberate Indifference

- May be something less than an officer completely ignoring requests for medical care.

- Not doing enough in response

- Delay in getting medical care

- Not what an Officer "should have known"

### Reliance on Medical

- Officers are not medical professionals

- Can rely on medical experts

  – *Greeno v. Daley*, 414 F.3d 645, 656 (7th Cir. 2005) (quoting *Spruill v. Gillis*, 372 F.3d 218, 236 (3rd Cir. 2004)).



### *Berry v. Peterman* (7th Cir. 2010)

- Inmate at WI Dept. Corr. with toothache

- Sued nurses, doctor and Jail Administrator

- Can rely on evaluation and opinions of medical personnel

3

Brown County Documents
Freiwald v. Brown County
000196

### *King v. La Crosse*

- Inmate had medical issues
- Jail Nurse contacted
- Officers relied on medical



### But...cannot rely on medical if change of conditions

- Officers must monitor, re-evaluate and report any *changes in condition*
- Call nurse or get medical evaluation
  - *Dunigan v. Winnebago County*, 165 F.3d 587 (7th Cir. 1999); *Mombourquette v. Monroe County*, 469 F. Supp.2d 624 (W.D. Wis. 2007).



### Change of Conditions

- Makes new statements of self harm
- Observe new symptoms or issues
- Condition is getting worse
- Change in demeanor/communication

### What to Do if New Information

- Ask questions
- Report new information to medical
- Report information to supervisor
- Document
- Consider ER or contacting physician

## CELL CHECKS

- **Hourly checks**
  - At least every hour
  - Document checks
  - Well-being of inmate
  - Report concerning issues

- **Special Needs/Observation**
  - 15 minute/30 minute
  - Know what type of watch
  - Know medical condition




## STATISTICS

- More than half of inmates had a mental health problem
- 30% of inmates had symptoms of major depression.
- 24% of inmates had symptoms that met the criteria for a psychotic disorder.
- Female inmates had higher rates of mental problems than males



## Jail Suicide/Self Harm

- Officer must have known about a substantial risk of suicide

  - Aware of a significant likelihood that an inmate may commit self harm
  - Officer must have disregarded the known risk
  - Officer failed to take reasonable steps to prevent the inmate from self harm

## Jail Suicide/Self Harm

- Suicide considered an objectively serious harm
- Aware of a significant likelihood that an inmate may commit self harm
- Officer must have disregarded the known risk
- Officer failed to take reasonable steps to prevent the inmate from self harm



Brown County Documents
Freiwald v. Brown County
000198

### Knowledge of Substantial Risk

- Past suicide attempts/threats
- Mental Health Medications
- Statements of Suicide/Self harm
- Information From Medical
- Information From Family/Inmates
- Bizarre behavior, hallucinations





### Response to Known Risk

- Contact Medical/Crisis Intervention
- Place on Suicide Watch—15 minutes
- Removal of items of self-harm
- Place in Suicide clothing
- Monitor for Change of Conditions
- Change of Cell



### Suicide Cases—No Liability

- *Collins v. Seeman*, 462 F.3d 757 (7th Cir. 2006). Inmate requested to see crisis. Officer relayed information and checked on inmate several times and was told by inmate that he could wait and was ok.

- *Estate of Novack v. County of Wood*, 226 F.3d 525 (7th Cir. 2000). Mere knowledge that inmate was acting strangely.

- *Matos v. O'Sullivan*, 335 F.3d 553 (7th Cir. 2003). Inmate denied suicidal ideation and did not present as depressed.

### Suicide Cases-Liability

- *Mombourquette v. Amundsen*, 469 F.Supp.2d 624 (W.D.Wisc. 2007). Jail nurse's knowledge of prior suicide attempts and hospital discharge instructions and officers awareness of information along with change of conditions.

- *Woodward v. CMS*, 368 F.3d 917 (7th Cir. 2004). Medical providers failed to place on suicide watch pending psych evaluation even though inmate expressed suicidal thoughts and had a history of prior attempts.

Brown County Documents
Freiwald v. Brown County
000199

Case 1:18-cv-00896-WCG   Filed 03/04/20   Page 6 of 8   Document 109-20

3/5/2019

### Inmate Request Slips

- Inmates must know procedure to obtain medical
- Must provide request slips to inmates
- Promptly relay to medical
- Let medical evaluate/prioritize
- Relay your observations

### Communication

- Information to Supervisors and Nurses 
- Listen to reports of inmates and family members
- Ask questions 

### Documentation

- Change of Symptoms
- Information from family/inmates
- Calls to nurse and supervisors
- Discharge Information




### Training/Policies

- Update policies
- Training on Medical Issues 
- Document Training
- Know Medical contacts
  – especially after hours 

7

Brown County Documents
Freiwald v. Brown County
000200

Any Questions?

414-271-7722

Brown County Documents
Freiwald v. Brown County
000201