UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ESTATE OF RUTH FREIWALD,
by Personal Representative Charles Freiwald, et al.,

        Plaintiffs,

    and

DEAN HEALTH PLAN INC. and
PROGRESSIVE CASUALTY INSURANCE
COMPANY,

        Involuntary Plaintiffs,

    v.            Case No. 18-C-896

ADEYEMI FATOKI, et al.,

        Defendants.

## DECISION AND ORDER DENYING MOTION FOR SANCTIONS

This action arises out of the alleged failure to provide appropriate medical treatment to Ruth Freiwald during her confinement at the Brown County Jail. Freiwald was booked in the Work Release Center of the Jail on October 27, 2016. On November 2, 2016, she stepped into the path of a truck in an apparent suicide attempt while on work release. She died several days later. Freiwald's estate and her children filed this action pursuant to 42 U.S.C. § 1983, asserting deliberate indifference and *Monell* claims as well as Wisconsin state law claims against the defendants. This matter comes before the court on Plaintiffs' motion for sanctions against Brown County, which owns and operates the Jail, and Correct Care Solutions, LLC (CCS), Brown County's contracted medical provider. Since the filing of their motion, Plaintiffs have entered into a settlement with Brown County that resolves this motion against the County. Therefore, the court

will determine whether sanctions are appropriate based on Plaintiffs' assertion that CCS destroyed material evidence relevant to this case. For the reasons that follow, Plaintiffs' motion will be denied.

A court may impose sanctions for the destruction of evidence under Federal Rule of Civil Procedure 37 or its own inherent power. *See REP MCR Realty, L.L.C. v. Lynch*, 363 F. Supp. 2d 984, 998 (N.D. Ill. 2005), *aff'd*, 200 F. App'x 592 (7th Cir. 2006). The Seventh Circuit has recognized that "a spoliation sanction [is] proper only where a party has a duty to preserve evidence because it knew, or should have known, that litigation was imminent." *Trask–Morton v. Motel 6 Operating L.P.*, 534 F.3d 672, 681 (7th Cir. 2008). Sanctions for spoliation of evidence may not be imposed merely because that evidence was destroyed, however. A showing of "bad faith" is also "a prerequisite to imposing sanctions for the destruction of evidence." *Id.* "'[B]ad faith' means destruction for the purpose of hiding adverse information." *Mathis v. John Morden Buick, Inc.*, 136 F.3d 1153, 1155 (7th Cir. 1998).

Plaintiffs claim that, on November 10, 2016, four days after Freiwald's death, Attorney Jeff Scott Olson sent a litigation hold/preservation letter to Sheriff John Gossage at the Brown County Sheriff's Department, requesting that he preserve and retain any items that may become evidence in the litigation, including "any written reports, logs, notes of conversations, tape recordings of telephone conversations, 'kites', grievances, request for medical attention and/or services, and any videos in which Ms. Freiwald is seen, including videos that were made by jail security cameras." Dkt. No. 70-9. On December 15, 2016, Plaintiffs' counsel sent a second letter requesting that the Brown County Sheriff's Office preserve all evidence related to Freiwald's suicide. Plaintiffs assert that, despite the two preservation letters, their multiple open records

2

requests, and their subsequent discovery requests, CCS did not produce nursing shift reports and the medical appointment spreadsheet/log.

As an initial matter, CCS maintains that it did not destroy the sick-call spreadsheet and that it produced a copy of the sick-call spreadsheet during discovery. Plaintiffs have therefore failed to establish that CCS destroyed this evidence. As to the nursing shift reports, CCS does not deny that it destroyed the reports, but denies that it did so in bad faith. CCS contends that it had no duty to preserve them and disposed of them pursuant to its routine record detention policy. CCS further explains that Brown County only instructed it to maintain Freiwald's medical file, rather than all items relevant to the litigation. Because CCS does not keep nursing shift reports in the medical record, CCS asserts that it did not realize it had any obligation to preserve the shift reports.

The nursing shift reports did fall within the class of records described in the litigation hold/preservation letter counsel sent to Sheriff Gossage. CCS therefore had a duty to preserve the nursing shift reports. But Plaintiffs have not established that CCS acted in bad faith in destroying the reports; nor have Plaintiffs shown how the nursing shift reports might be relevant to their claims. CCS's conduct may reflect poor judgment, but it does not rise to the level of the willful destruction of documents or bad faith. Accordingly, Plaintiffs' motion for sanctions (Dkt. No. 68) is **DENIED**. This does not mean, however, that Plaintiffs may not inquire into the missing reports at trial and inquire into what they might have shown had they not been destroyed.

**SO ORDERED** at Green Bay, Wisconsin this 16th day of November, 2020.

s/ William C. Griesbach
William C. Griesbach
United States District Judge