UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ESTATE OF RUTH FREIWALD, et al.,

      Plaintiff,

      v.                          Case No. 18-C-896

ADEYEMI FATOKI, et al.,

      Defendants.

## DECISION AND ORDER DENYING WISCONSIN HEALTH CARE LIABILITY INSURANCE PLAN'S RULE 7(H) MOTION TO INTERVENE

This matter comes before the Court on Wisconsin Health Care Liability Insurance Plan's (WHCLIP) motion to intervene for a limited purpose pursuant to Federal Rules of Civil Procedure 24(a)(2) and 24(b)(2). In particular, WHCLIP moves to intervene in this action for the limited purpose of introducing the Physicians and Surgeons Professional Liability Insurance Policy it issued to Defendant Adeyemi Fatoki, M.D., participating in the preparation of the jury instructions and special verdict form, and monitoring the trial. Plaintiffs assert claims against Dr. Fatoki for violations of the Eighth Amendment of the United States Constitution and 42 U.S.C. § 1983 as well as medical negligence and wrongful death under Wisconsin law. WHCLIP explains that, although it has accepted Dr. Fatoki's tendered defense in the action under a reservation of rights and has provided a defense to him throughout the proceedings, it notified Dr. Fatoki that the Policy does not provide coverage for claims and liability arising from intentional torts.

Rule 24(a) provides for intervention as of right for a non-party who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect

its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). The non-party must meet four requirements: "(1) the application must be timely; (2) 'the applicant must claim an interest relating to the property or transaction which is the subject of the action;' (3) 'the applicant must be so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest;' and (4) 'existing parties must not be adequate representatives of the applicant's interest.'" *Heartwood, Inc. v. United States Forest Serv., Inc.*, 316 F.3d 694, 700 (7th Cir. 2003) (quoting *Sokaogon Chippewa Cmty. v. Babbitt*, 214 F.3d 941, 945–46 (7th Cir. 2000)). "The burden is on the party seeking to intervene of right to show that all four criteria are met." *Reid L. v. Ill. State Bd. of Educ.*, 289 F.3d 1009, 1017 (7th Cir. 2002).

Plaintiffs argue that WHCLIP's motion is untimely. "A prospective intervenor must move promptly to intervene as soon as it knows or has reason to know that its interests *might* be adversely affected by the outcome of the litigation." *State v. City of Chicago*, 912 F.3d 979, 985 (7th Cir. 2019) (quoting *Heartwood*, 316 F.3d at 701). WHCLIP filed its motion to intervene three years after the lawsuit was filed and eight weeks before trial is set to begin. WHCLIP asserts that it did not move to intervene until after the Court rendered its decision on summary judgment and after mediation because dismissal of Dr. Fatoki or the resolution of the action would have rendered intervention unnecessary. The Court issued its decision on the parties' motions for summary judgment on November 16, 2020, however, and WHCLIP does not explain why it filed its motion just weeks before the trial is set to begin. For this reason, the Court denies WHCLIP's motion to intervene as of right.

The untimeliness of WHCLIP's motion dooms its request for permissive intervention under Rule 24(b). Rule 24(b) governs permissive intervention and provides that the court "may

permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 21(b)(1)(B). "Permissive intervention is within the discretion of the district court where the applicant's claim and the main action share common issues of law or fact and where there is independent jurisdiction." *Ligas ex rel. Foster v. Maram*, 478 F.3d 771, 775 (7th Cir. 2007). "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). Plaintiffs assert that, had WHCLIP attempted to intervene earlier, it would have considered additional motions in limine, different jury instructions and a different verdict form, as well as different exhibits. The deadlines to submit these filings have already passed or will pass in a matter of days. WHCLIP's delay in filing its motion has prejudiced Plaintiffs.

**IT IS THEREFORE ORDERED** that WHCLIP's motion to intervene (Dkt. No. 162) is **DENIED**.

Dated at Green Bay, Wisconsin this 7th day of July, 2021.

s/ William C. Griesbach
William C. Griesbach
United States District Judge