# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ESTATE OF RUTH FREIWALD
BY PERSONAL REPRESENTATIVE CHARLES FREIWALD, et al.,

        PLAINTIFFS,

                CASE NO: 18-CV-896

DEAN HEALTH PLAN, INC. and
PROGRESSIVE CASUALTY INSURANCE COMPANY,

        INVOLUNTARY PLAINTIFFS,

v.

ADEYEMI FATOKI, M.D., et al.,

        DEFENDANTS.

## PLAINTIFFS' PROPOSED JURY INSTRUCTIONS

Submitted this 9th day of July, 2021

| *Attorneys for Plaintiffs* | *Attorneys for Plaintiffs* |
|---|---|
| LAWTON & CATES, S.C. | VALOREM LAW GROUP |
| */s/ Dixon R. Gahnz* | */s/ Nicole N. Auerbach* |
| Dixon R. Gahnz, SBN: 1024367 | Nicole N. Auerbach, SBN: 6217095 |
| 345 W. Washington Ave., Suite 201 | 218 N. Jefferson Street, Suite 300 |
| P.O. Box 2965 | Chicago, IL 60661 |
| Madison, WI 53701 | P: (312) 676-5460 |
| P: (608) 282-6200 | F: (312) 676-5499 |
| F: (608) 282-6252 | Nicole.auerbach@valoremlaw.com |
| dgahnz@lawtoncates.com | |

**EXHIBIT B**

# 1.26 SETTLED DEFENDANT

Brown County was once a defendant in this case but the claims against Brown County have been resolved. You should not consider any claims against Brown County. Do not speculate on the reasons. You should decide this case as to the remaining parties.

**Authority:**

7th Cir. Pattern Instruction 1.26, *modified*

**Authority:**

*Kennon v. Slipstreamer.,* 794 F.2d 1067,1070 (5th Cir. 1986); *Belton v. Fibreboard Corp.,* 724 F.2d 500, 505 (5th Cir. 1984); *Alexander v. Cahill,* 829 A.2d 117, 123-24 (Del. 2003); *Arhart v. Micro Switch Mfg. Co., a Division of Honeywell, Inc.* 798 F/2d 291 (8th Cr. 1986).

# SECTION 1983 CLAIM—INTRODUCTORY INSTRUCTION

Plaintiffs brings their claims under the federal statute, 42 U.S.C. § 1983, which provides that any person or persons who, under color of law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

**Authority:**

42 U.S.C. § 1983

# 7.17 EIGHTH AMENDMENT: FAILURE TO PROVIDE MEDICAL ATTENTION – ELEMENTS

To succeed on their claim of failure to provide medical care, as to each Defendant, Plaintiffs must prove each of the following five things by a preponderance of the evidence:

1. Ruth Freiwald had a serious medical need. A "serious medical need" is a condition that a reasonable doctor would say requires treatment or something so obvious that even someone who is not a doctor would recognize that it requires treatment. (*modified to avoid confusion if jurors read "a doctor says" to mean Dr. Fatoki*)

2. Defendant was aware that Ruth Freiwald had a serious medical need or strongly suspected facts showing a strong likelihood that Ruth Freiwald had a serious medical need but refused to confirm whether these facts were true.

You may infer this element from the fact that the need was obvious.

3. Defendant consciously failed to take reasonable measures to provide treatment for the serious medical need.

Plaintiffs do not have to show that Defendant provided no care to Ruth Freiwald. If Defendant provided some care, Plaintiffs must show that Defendant knew his or her actions likely would be ineffective or that Defendant's actions were clearly inappropriate.

You may infer that Defendant consciously failed to take reasonable measures if Defendant's actions or failure to act were such a substantial departure from accepted professional judgment, practice or standards that it showed a complete abandonment of medical judgment.

If any Defendant claims that he or she relied on the opinion of another medical professional, that Defendant did not consciously fail to take reasonable measures unless it was obvious that following the medical professional's opinion would cause harm to Ruth Freiwald.

4. As a result of Defendant's actions or inaction, Ruth Freiwald was subjected to a significant risk of harm. Plaintiffs may prove that Defendant harmed Ruth Freiwald with evidence that her condition worsened as a result of Defendant's conduct or that she suffered prolonged, unnecessary pain.

    5.Defendant acted under color of law, as described in more detail in another instruction you will hear.

If you find that Plaintiffs have proved each of these things by a preponderance of the evidence against any Defendant, then you must decide for Plaintiffs against that Defendant, and go on to consider the question of damages.

If, on the other hand, you find that Plaintiffs have failed to prove any one of these things by a preponderance of the evidence against any Defendant, then you must decide for that Defendant.

**Authority:**

7th Cir. Pattern Jury Instruction 7.17, modified for clarity.

# 7.03 GENERAL: "UNDER COLOR OF LAW"

One of the things Plaintiff must prove is that Defendant acted "under color of law." Correct Care Solutions ("CCS"), as the privately contracted health care provider for Brown County Jail is considered a municipal defendant, and any employees of CCS, including Defendants Fatoki, Jones and Blozinski, are considered to be municipal employees for purposes of "color of law" analysis. Any policies of CCS should be considered a municipal policy or regulations.

A person acts "under color of law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation.

A person may act under color of law even if he or she is violating a municipal law or policy.


**Authority:**

7th Cir. Pattern Instruction 7.03, *modified.*

"A private corporation that has contracted to provide essential governmental services is subject [under 1983] to at least the same rules that apply to public entities." *Glisson v. Ind. Dep't of Corr.,* 849 F.2d 372, 378-89 (7th Cir. 2017) (*citing Shields v. Illinois Dep't of Corr.,* 746 F.3d 782, 789-90 (7th Cir. 2014))*; Hildreth v. Butler,* 960 F.3d 420, 426 (7th Cir. 2020).

# 7.24 SECTION 1983 CLAIM AGAINST DEFENDANT CORRECT CARE SOLUTIONS BASED ON POLICY, PRACTICE, OR CUSTOM—ELEMENTS AND BURDEN OF PROOF

If you find that Plaintiffs have proved a constitutional violation by a preponderance of the evidence, you must consider whether Correct Care Solutions is also liable to Plaintiffs. Correct Care Solutions is not responsible simply because it employed Dr. Fatoki, Nurse Jones or Nurse Blozinski.

To succeed on this claim, Plaintiffs must prove each of the following (*number of elements*) things by a preponderance of the evidence:

1. Ruth Freiwald's constitutional rights were violated because she was not provided adequate medical care for a serious medical need.

2. At the time, Correct Care Solutions had the following express or implied policies:

   (a) that Huber inmates were responsible for their own medical care, however, access to all medications, including those previously prescribed by the Huber inmate's treating providers, was controlled by CCS' doctors and nurses; and/or

   (b) that important medications would be routinely delayed and/or withheld from inmates without conducting any examination of the inmate; and/or

   (c) that CCS staff were deliberately indifferent to the risk of suicide in inmates.

The term "policy" means any of the following:

- A rule, regulation, or policy adopted by Correct Care Solutions, including via its contract with Brown County.

- A decision or policy statement made by Dr. Fatoki, who, as Regional Health Director, was a policymaking official of Correct Care Solutions.

- A custom of failing to prescribe important medications to inmates in a timely fashion or at all, that is persistent and widespread, so that it

is Correct Care Solution's standard operating procedure. A persistent and widespread pattern may be a custom even if Correct Care Solution has not formally approved it, so long as Plaintiffs prove that a policy-making official knew of the pattern and allowed it to continue.

3. One or more of the policies described in paragraph 2 was a cause of Ruth Freiwald's suicide.

If you find that Plaintiffs have proved each of these things by a preponderance of the evidence, then you must decide for Plaintiffs on this claim, and go on to consider the question of damages.

If, on the other hand, you find that Plaintiffs have failed to prove any one of these things by a preponderance of the evidence against Correct Care Solutions, then you must decide for Correct Care Solutions on this claim.

**Authority:**

7th Cir. Pattern Jury Instruction 7.24, title modified to apply to the case, using the title used in the 9th Circuit Pattern Jury Instructions for the same claim, and adding last two paragraphs to mirror 7th Cir. Pattern Instruction 7.25 for consistency.

# 7.25 SECTION 1983 CLAIM AGAINST DEFENDANT CORRECT CARE SOLUTIONS BASED ON POLICY OF FAILURE TO TRAIN—ELEMENTS AND BURDEN OF PROOF

To succeed on their claim against Correct Care Solution for a policy of failure to train its employees, Plaintiffs must prove each of the following three things by a preponderance of the evidence:

    1.    Correct Care Solution's training program was not adequate to train its employees to properly handle situations involving: (a) an inmate's risk for suicide and/or (b) the need to continue to provide important medications to inmates and/or (c) to monitor them for withdrawal symptoms if medications were delayed or withheld;

    2.    Correct Care Solutions knew that it was highly predictable that deliberate indifference to a serious medical need and/or an increased risk of suicide would occur without more training of its employees because there was a pattern of similar constitutional violations, or it was highly predictable even without a pattern of similar constitutional violations; and

    3.    Correct Care Solution's failure to provide adequate training caused the failure to provide adequate medical care to Ruth Freiwald and/or increased her risk of suicide.

If you find that Plaintiffs have proved each of these things by a preponderance of the evidence, then you must decide for Plaintiffs, and go on to consider the question of damages.

If, on the other hand, you find that Plaintiffs have failed to prove any one of these things by a preponderance of the evidence against Correct Care Solutions, then you must decide for Correct Care Solutions on this claim.

**Authority:**

7th Cir. Pattern Jury Instruction 7.25, title modified to apply to the case, using the title used in the 9th Circuit Pattern Jury Instructions for the same claim.

# 7.26  DAMAGES: COMPENSATORY

If you find in favor of Plaintiffs against any Defendant on any one of Plaintiffs' claims, then you must determine the amount of money that will fairly compensate Plaintiffs for any injury that you find was sustained as a direct result of the Defendants' conduct.

Plaintiffs must prove their damages by a preponderance of the evidence. Your award must be based on evidence and not speculation or guesswork. This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include both the physical and mental aspects of injury, even if they are not easy to measure.

You should consider the following types of compensatory damages, and no others:

a. The physical, mental, and emotional pain and suffering Ms. Freiwald experienced before her death. No evidence of the dollar value of physical, or mental and emotional pain and suffering has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of these factors. You are to determine an amount that will fairly compensate the Plaintiffs for the physical, mental and emotional pain and suffering Ruth Freiwald sustained.

b. The medical expenses Ms. Freiwald's estate incurred between her suicide attempt on November 2, 2016 and death.

c. Damages for Ms. Freiwald's loss of life.

- You should compensate Plaintiffs for the loss of Ruth Freiwald's life as she would have considered the value of it if she were still alive today. You should consider everything that she has lost as a result of her death, including:
  - her loss of the ability to carry on and enjoy her life's activities in a way that she would have done had she lived;
  - her lost wages, salary, profits, and earning capacity that she would have earned in her life had she lived.

- her loss of society and companionship with her eight surviving children that she would have been able to experience had she lived.

    d.    You should also compensate Plaintiffs for the injuries to her survivors as a direct result of her death, such as her children's loss of society and companionship with their mother.

**Authority:**

7th Cir. Pattern Jury Instruction 7.26, *modified,* pursuant to Comment A to account for both "1983 survivor action" and "1983 wrongful death" damages: ("Damages that may be recovered under 42 U.S.C. § 1983 are: actual or compensatory, nominal and punitive. *Memphis Cmty. Sch. Dist. v. Stachura*, 477 U.S. 299 (1986). Actual or compensatory damages are to "compensate person for injuries that are caused by the deprivation of constitutional rights." Id. at 307. Actual damages include compensation for out-of-pocket loss, other monetary losses and for impairment of reputation, personal humiliation, mental anguish and suffering. Id. This instruction lists the more common elements of damages in cases under 42 U.S.C. § 1983, ***but it is not intended to be exhaustive, so the court may need to supplement the instruction in particular cases***. The court should include in the instruction given to the jury only those types of damages that are requested in the particular case.") (emphasis added).

*Spence v. Staras,* 507 F.2d 554 (7th Cir. 1974) and *Pitzer v. City of East Peoria, Illinois*, 597 F.Supp. 2d 806 (C.D. Ill. 2009) held that loss of society and companionship damages for the survivors of the decedent are allowed.

# 7.28 DAMAGES: PUNITIVE

If you find for Plaintiffs, you may, but are not required to, assess punitive damages against any or all of the individual Defendants (Fatoki, Jones and/or Blozinski). The purposes of punitive damages are to punish a defendant for his or her conduct and to serve as an example or warning to Defendant and others not to engage in similar conduct in the future.

Plaintiffs must prove by a preponderance of the evidence that punitive damages should be assessed against Defendant. You may assess punitive damages only if you find that his or her conduct was malicious or in reckless disregard of Ruth Freiwald's rights. Conduct is malicious if it is accompanied by ill will or spite, or is done for the purpose of injuring Ruth Freiwald. Conduct is in reckless disregard of Ruth Freiwald's rights if, under the circumstances, Defendant simply did not care about Ruth Freiwald's safety or rights.

If you find that punitive damages are appropriate, then you must use sound reason in setting the amount of those damages. Punitive damages, if any, should be in an amount sufficient to fulfill the purposes that I have described to you, but should not reflect bias, prejudice, or sympathy toward any party. In determining the amount of any punitive damages, you should consider the following factors:

- the reprehensibility of Defendant's conduct;

- the impact of Defendant's conduct on Ruth Freiwald and Plaintiffs;

   the relationship between Ruth Freiwald and Defendant, including whether the relationship was one where she was dependent on the Defendant;

- the likelihood that Defendant would repeat the conduct if an award of punitive damages is not made;

- the relationship of any award of punitive damages to the amount of actual harm Ruth Freiwald and the Plaintiff suffered.

**Authority:**

7th Cir. Pattern Jury Instruction 7.28, modified ("the relationship" bullet, for clarity).